JAMES CAHILL *vs.* AMELIA W. HALL.

Suffolk. March 23, 1894. — June 20, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract — Authority of Borrower to bind Lender for Keep of Horse.*

A person who lends a horse to another without more does not authorize the borrower to make him answerable for its keep or improvement.

CONTRACT, for the board and expense of shoeing a horse. Writ dated March 15, 1892.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, in substance as follows:

In 1886 the defendant, who was the owner of a mare called Mayflower, said to her son, " You take Mayflower and keep her until I call for her." Her son thereupon took possession of the mare, and kept it until its death in 1889, and paid the expense of keeping it. In 1888 the defendant's son, without her knowledge, raised a colt from the mare, and in 1890, with-

out her knowledge or consent, employed the plaintiff to keep and train the colt for a carriage horse, agreeing to pay him therefor five dollars a week and the expense of shoeing. The defendant never had possession of the colt, and never gave any directions to her son regarding it, but after its birth she learned of the fact, and frequently saw it in the possession of her son.

The plaintiff kept the colt for thirty-four weeks, and expended eight dollars for shoeing, and rendered a bill therefor to the defendant's son. The defendant prior to the commencement of this action had no knowledge of the contract of her son with the plaintiff.

*S. W. Harmon,* for the plaintiff.

*S. L. Powers,* for the defendant.

HOLMES, J. Whether the colt belonged to the defendant or to her son, the son had possession of it for his own benefit. Putting the case in the strongest way for the plaintiff, the defendant did no more than to lend the colt to her son. She did not know of the contract with the plaintiff. Her son did not purport to contract on her behalf, nor did the plaintiff rely upon any supposed authority from her, or render the services on her credit. When one person lends a horse to another without more, he does not authorize the latter to make him answerable for its keep or improvement. See *Storms* v. *Smith,* 137 Mass. 201 ; *Howes* v. *Newcomb,* 146 Mass. 76, 80. Possession alone is no more ostensible authority to bind the owner for keeping and training than it is to sell, apart from statute. Even if circumstances could be imagined under which, without an actual knowledge of the owner, consent might be implied sufficient to create a lien under Pub. Sts. c. 192, § 32, (*Lynde* v. *Parker,* 155 Mass. 481,) there is nothing in this case which would warrant the finding of an actual contract binding on the defendant. There is equally little ground for charging her upon a fictitious or quasi contract. The plaintiff furnished his services under a valid contract with the son, and must look to him.

*Judgment for the defendant.*