Trimmer v. Sells.

C. C. TRIMMER, *Appellee*, v. WILLIAM SELLS, *Appellant.*

No. 17,730.

HEADNOTE BY THE REPORTER.

1. CONTRACT—*Erection of Building—Liability of Owner to Subcontractor.* To entitle one who performs labor under a subcontract with the contractor to a personal judgment against the owner of the land he must show an express or implied contract on the part of the owner to pay such labor bill.

2. MECHANIC'S LIEN—*Subcontractor—Notice to Owner.* To entitle a subcontractor to a mechanic's lien he must serve written notice upon the owner of the land, as required by section 651 of the civil code.

Appeal from Wabaunsee district court. Opinion filed July 6, 1912. Reversed.

*Oscar Schmidt,* of Alma, *Bennett R. Wheeler,* and *John F. Switzer,* both of Topeka, for the appellant.

*Per Curiam:* The appellee brought this action claiming personal judgment against appellant, and to foreclose a mechanic's lien on certain real estate owned by appellant.

One cause of action was for labor performed by the appellee. The other was on an assignment of an account from one who had performed labor under the same circumstances.

The allegation of the petition is, in substance, that one M. C. Plank was erecting a house for the appellant under contract, and employed the appellee and his assignor to labor; that the amount due for appellee's services was $79.80, and for the services of the assignor $57.25. The filing of a claim for a mechanic's lien by both the appellee and his assignor is alleged in the form and within the time required by law, but no notice to appellant of the filing of such liens is alleged as required by section 651 of the civil code.

The petition alleged no contractual relation between the appellee and the appellant, or between the assignor and the appellant. On the trial there was no evidence to establish the personal liability of appellant or that notice had been given him of the filing of the claim for a lien. The court rendered a judgment in favor of appellee for the amount of both accounts, and adjudged him to have a mechanic's lien on the property as prayed for.

Under the petition and the evidence, the appellee was neither entitled to a personal judgment nor to a lien upon the property. To entitle him to a personal judgment against the appellant, it devolved upon him to show an express or implied contract on the part of the appellant to pay his labor bill and the labor bill of his

.assignor; and to entitle him to a mechanic's lien it was as material for him, under the provisions of section 651 of the civil code, to serve notice in writing of the filing of such lien upon the owner of the land, as it was for him to file the affidavit setting forth the facts as to the services rendered and the value thereof.

The judgment is reversed, and the case is remanded with instructions to render judgment in favor of the appellant as to both causes of action.