REYNOLDS, Appellant, vs. GRISWOLD and others, Respondents.

*January 8—January 28, 1913.*

*Liens: Equity: Betterments on land: Failure to comply with statute: Lien of judgment.*

One who, under a contract with a person having some interest in land belonging to a third person, drilled a well on such land could not, without having complied with or proceeded under the lien statutes, have an equitable lien on the land upon the ground that otherwise the owners would be enriched at his expense; but a judgment which he may recover against the person for whom he did the work will be a lien on that person's interest in the land.

APPEAL from a judgment of the circuit court for Sauk county: E. C. HIGBEE, Judge. *Affirmed.*

For the appellant there was a brief by *A. R. Smith* and *D. Ruggles,* and oral argument by *Mr. Ruggles.* They cited, among other authorities: Keener, Quasi-Contracts, 377–380, and cases in notes; *Perry v. Board of Missions,* 102 N. Y. 99, 6 N. E. 116; 1 Jones, Liens, § 39; *Cincinnati, S. & C. R. Co. v. Bensley,* 51 Fed. 738, 742; *Keilly v. Severson,* 149 Wis. 251, 138 N. W. 875.

For the respondent *Griswold* there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

For the respondents *Arthur Hewitt* and *Effie Hewitt* there was a brief by *Bentley, Kelley & Hill,* and oral argument by *F. R. Bentley.*

TIMLIN, J. We shall do the appellant no injustice by describing this action in his own words:

"This action was brought by the plaintiff and appellant to obtain an equitable lien upon a farm for betterments placed thereon by the plaintiff under circumstances which have so transpired that the plaintiff will be impoverished, and the defendants or some of them enriched, to the amount of plaintiff's claim, unless equity can do justice between the parties. The theory of this case is not that of a mechanic's lien under the statute which, by strict compliance with the statute, gives a lien for the value of materials and labor furnished, regardless of the amount that the property is enhanced, but is that an equitable lien should be given under the equity powers of the court to prevent an injustice that can be prevented in no other way."

Another mode of describing the action is that it is one to recover a balance due upon contract made by and between the plaintiff and defendant *Arthur Hewitt* for drilling a well upon some farm property in which said *Hewitt* had an interest, but which belonged to the defendant *Griswold,* and to obtain a lien upon this land without in any manner comply-

ing with the statute relative to such liens.    The learned cir-
cuit court permitted a recovery in favor of the plaintiff and
against *Arthur Hewitt* for $414.36, but without the lien
prayed for, and gave judgment in favor of the other defend-
ants against the plaintiff for costs.    The learned counsel for
the appellant advances the novel proposition that equity can
give a mechanic's lien without the aid of statute, under the
general conditions vaguely set forth in the quotation with
which this opinion opens, by calling it an equitable lien.
Cases are cited (1) relative to conditions imposed upon a
plaintiff seeking relief in equity; (2) arising under the bet-
terment statutes and analogous cases; (3) improvements
made on land by one in possession believing, in good faith,
that he has title but mistaken; (4) cases of subrogation
awarded to one not a volunteer; (5) some of the inspiring
generalities to be found occasionally in opinions in equity
cases.

But none of these can do away with the objection that it
would require the exercise of legislative power to give the
plaintiff a lien upon the interest of the defendant *Griswold*
under such circumstances.    As to *Arthur Hewitt* the plaintiff
has the lien of his judgment on *Arthur Hewitt's* interest in
the land, and this is the only lien he can obtain in this action,
wherein no attempt is made to comply with or proceed under
the lien statutes.

*By the Court.*—Judgment affirmed.