MORIN, Respondent, vs. PILON and husband, Appellants.

*September 18—October 27, 1914.*

*Joint adventure: Ginseng garden: Accounting: Partnership: Homestead: Equitable lien for improvements.*

1. In an action for an accounting wherein plaintiff sought, among other things, to recover the proceeds of sales of ginseng roots and the value of improvements made upon defendants' land in connection with growing ginseng thereon, no definite agreement between the parties as to such enterprise being shown, but it appearing that the relation between them was closely analogous to a partnership, the recovery is limited to one half of the crop or of the proceeds thereof and one half the value of the improvements.

2. The improvements having been made upon defendants' homestead, plaintiff cannot have an equitable lien on the land for his share of their value.

APPEAL from a judgment of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Modified and affirmed.*

*Samuel Shaw,* for the appellants.

For the respondent there was a brief by *John F. Hooper,* attorney, and *Eberlein & Eberlein,* of counsel, and oral argument by *M. G. Eberlein.*

TIMLIN, J.   The learned circuit court had the advantage of observing the witnesses on the stand, and presumptions in support of his findings and judgment are such that they must be upheld so far as they deal with questions of fact, notwithstanding it seems the defendants were quite severely punished and the plaintiff liberally rewarded. The decree in favor of the plaintiff awards him $3,212.06, costs amounting to $243.46 were added, and the title to the southwest quarter of the southwest quarter of section 24, township 37 north, range 13 east, was divested from the defendants and confirmed in the plaintiff. Of this cash recovery $286.05 is for

one half of the proceeds of a sale of ginseng root, $650 is for the whole proceeds of another sale of ginseng root, and $1,050 is composed of the value, as found, of a shed over the ginseng plants $400, of a small house built near the ginseng garden for use therewith $200, and of the ginseng beds remaining $450, making together $1,050 for the last three items. It was not disputed that the defendants contributed the land, and we think it is shown that they contributed the greater part of the labor, and the plaintiff contributed some or all of the ginseng roots and nearly all the material for the shed and some for the house and did the carpenter work on the house. He was a single man and lived with defendants in their farm house during such time as he was not working for wages in lumbering and during whatever time he worked on this ginseng garden or the buildings connected therewith. The relations of the parties were very intimate at that time. They are now very hostile. Neither seems willing to make any sacrifice of self-interest for the sake of veracity. Only two versions of this ginseng enterprise are presented. One that of the defendants to the effect in substance that they were to furnish the land, take care of the ginseng garden during the absence of plaintiff, which was for the greater part of each year, and do the work or as much of it as they could, and the plaintiff was to furnish the roots and his work, and each was to have half of the proceeds of the ginseng crops. The plaintiff's version is that the defendants were to furnish the land and were to work and take care of the ginseng garden during his absence, and that he lived at their house during the time he was there and had his board, washing, and mending, and that he expected to give the defendants part of the ginseng raised, but that no fraction was ever agreed upon; and neither side pretends that there was any agreement covering the case of the death of the parties or the abandonment by the plaintiff of the ginseng garden. The plaintiff makes some vague claim that he was to have papers on the

land and that they would not give him the papers, and there is nothing definite about this.

The relation between the parties with reference to this ginseng garden, as shown by the undisputed evidence, is closely analogous to that of a partnership. The burden of proof was on the plaintiff, who is seeking to recover the proceeds of the sales of ginseng root in defendants' hands.

It is quite a strange tale plaintiff tells about his living at defendants' house, getting his board, washing, and mending done there, using their land and using their labor, and yet being under only an indefinite obligation, if obligation it could be called, to give them some fraction of their ginseng crop, never fixed or ascertained. Under such circumstances we think the learned circuit court should have fixed this fraction so as to give each one half the crop or the avails thereof and to consider each as owning a moiety of the improvements.

The circuit court further awarded to the plaintiff the full value of the improvements placed on defendants' land as above specified in connection with this ginseng enterprise. We think under the circumstances it would not be equitable to give him more than half. The decree of the circuit court attempts to make a lien upon defendants' homestead for the value of this ginseng garden with appurtenant improvements. There is no law to authorize such a lien. *Reynolds v. Griswold,* 152 Wis. 144, 139 N. W. 727. Consequently the judgment of the circuit court should be modified so as to reduce plaintiff's recovery by striking out the item of $286.05, by allowing only half of the item of $650, and only half the amount of $1,050. This will make a reduction of $1,136.05, leaving the decree for damages as if it had been for $2,076.01 instead of $3,212.06; will leave the costs of the court below unchanged; will leave the defendants the owners of the ginseng garden and buildings appurtenant; the plaintiff the owner of the land in section 24; and the defendants will be entitled to credit upon this reduced judgment for all sums

already paid over or collected on the judgment, and the plaintiff will have by law only the lien which the law gives in favor of judgments generally.    The appellants to recover costs in this court.

*By the Court.*—The judgment of the circuit court is modified as stated in this opinion, and as so modified affirmed.