FRED ROBINSON *vs.* ANDREW E. HATHAWAY.

Bristol. May 21, 1931. — October 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Implied: unjust enrichment. *Deed*, Recording, Acceptance by grantee. *Notice*.

A contractor entered into a contract with an owner of land to build a house thereon. The land was subject to a mortgage to one who knew of the building contract and that the contractor was furnishing labor and materials thereunder and who made various advances to the contractor against his mortgage. During the construction of the house, the owner, in order to avoid attachments, executed and recorded a deed of the land to the mortgagee without the knowledge of the contractor or the mortgagee. The contractor thereafter completed the house. He did not learn of the conveyance for several months after the completion, and the mortgagee did not learn of it until the work was completed or substantially completed. No contract was made at any time between the mortgagee and the contractor. Upon the owner's becoming bankrupt, the contractor sought to recover an unpaid balance of the contract price from the mortgagee. *Held*, that

(1) The recording of the deed was not notice to the defendant that work and labor furnished by the plaintiff in ignorance of that conveyance were thereafter to be charged to any one other than the owner, the only one who had agreed to pay for them;

(2) By merely accepting the deed, the defendant was not rendered liable for the unpaid balance for labor and materials wrought into

the land, although he may have known that the land had a greater value in consequence thereof;

(3) Nothing appeared to show that the defendant possessed anything to which the plaintiff had a legitimate claim: the defendant was not unjustly enriched at the expense of the plaintiff;

(4) The plaintiff could not recover.

CONTRACT. Writ dated November 16, 1927.

In the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. Material facts found by him are stated in the opinion. His report contained no finding that would ground an action of tort against the defendant.

On November 3, 1927, the plaintiff filed two motions, one that judgment be entered for him on the auditor's report in the sum of $5,023 and interest, and another for leave to amend his declaration by adding a count in tort, declared to be "for the same cause of action" and based on allegations of fraud and false representations by the defendant in secretly procuring title to the premises for which the plaintiff was furnishing labor and materials and holding out Blier and Stone as still being owners thereof.

The action then was heard by *Fosdick*, J. Material requests for rulings made by the plaintiff and granted by the judge are stated in the opinion. The plaintiff also asked the judge to rule, "The defendant is liable on the report in tort for fraud." The judge denied that request. He also denied a request by the defendant for a ruling, "Upon the report, the court shall find for the defendant," and on November 14, 1930, ordered judgment for the plaintiff in the sum of $5,667.16. On November 24, 1930, he allowed the plaintiff's motion to amend as of November 3, 1930.

The defendant alleged exceptions to the order of judgment and to the denial of his request for a ruling. The record disclosed no exception by the plaintiff.

*I. H. Simon*, for the defendant.

*S. Rosenberg*, (*F. Abramson* with him,) for the plaintiff.

WAIT, J. The plaintiff sues to recover from the defend-

ant the value of labor and materials furnished in connection with the building of ten houses in Dorchester. The case was referred to an auditor whose findings of fact were to be final. He found that the plaintiff furnished labor and materials under a contract with Stone and Blier, the owners of the real estate when the contract was made and for a period after the work began. They had little financial strength; and conducted their building operations with money borrowed from parties not connected with this action who held first mortgages, and with money advanced by the defendant from time to time. The defendant held second mortgages on the real estate. The face amount of .these mortgages was $30,000, an arbitrary amount. His advances never equalled that sum. He knew of the contract between the plaintiff and Stone and Blier and that .the plaintiff was furnishing labor and materials upon the premises; and from time to time, on behalf of Stone and Blier, made payments to the plaintiff from money obtained by them from the first mortgages or advanced by himself against his second mortgages. He knew also that, before the Dorchester contract was entered upon, a balance of $3,282 was due the plaintiff from Stone and Blier for work and labor furnished in building operations carried on and completed the year before at Watertown. The defendant shared an office with Stone and Blier, was eighty-one years of age, in failing health and memory, and kept no books or accounts. On June 11, 1927, Stone and Blier conveyed their equity in the real estate to the defendant by a deed duly recorded on June 13, 1927. The plaintiff had then completed about one quarter of the work under his contract. .Between June 13 and July 30 he completed the work, furnishing labor and materials in that period of the value of $10,092.68. The full contract price for all his work was $11,400. The houses were completed in September, 1927. Neither the plaintiff nor the defendant knew of the conveyance of June 11 when it was made. The plaintiff did not know of it until several months after his work was completed. The defendant did not know of it until Stone and Blier wanted him to sign mortgages.

They had made the conveyance to avoid attachments. Applications for mortgages were made to a savings bank on July 18, 1927, which bore the signatures of Stone and Blier and the name, but not the signature, of the defendant. He was notified, under date of July 22, that the bank would make the mortgage loans requested and was asked whether he or Stone and Blier would sign the notes. He later executed mortgages which bore date August 10, August 26 and September 23, 1927, and deeds conveying the equities in September, October and November. Stone and Blier went into bankruptcy in December, 1927, still owing the defendant $2,600 on his advances. The payments made by Stone and Blier and the defendant to the plaintiff before June 13 amounted to $3,117 and after June 13 to $6,372. Of this amount the plaintiff sought to apply $3,282 upon the balance of the Watertown contract. The judge, who found the plaintiff entitled to recover the value of labor and materials furnished after June 13, 1927, allowed him to apply payments made after June 13 to the Watertown balance. In view of the decision we reach on the liability it is not necessary to pass upon this ruling.

The case was heard upon a motion for judgment upon the auditor's report. It is before us upon the defendant's exceptions to rulings of the judge that (1) the plaintiff is entitled to a finding; (4) "If Stone and Blier put it out of their power to perform the contract and the premises were secretly taken over by the defendant who permitted the plaintiff to furnish work and materials ostensibly in performance of a contract with Stone and Blier, then the defendant is liable for the work and materials so furnished to him"; (6) less proper credits, the plaintiff can recover the value of labor and materials furnished to the defendant on the theory of unjust enrichment; (7) less proper credits, he can recover from the defendant for all work and labor furnished by him subsequent to the recording of the deed; (8) he has the right to apply $2,200 of the payment to him before June 13 to the Watertown job; (9) he has the right to apply $1,082 of the money received after June 13 to the Watertown job. Exception was claimed also to the

ruling directing the amount for which judgment should enter.

It is apparent that the finding and order are based upon request 4 and the theory of unjust enrichment. This was error. The findings of fact of the auditor were agreed to be final. He finds no contract made by the defendant, and no circumstances which fix liability upon him. The defendant did not know that the premises had been conveyed to him until the work of the plaintiff had been completed or nearly completed. The recording of the deed was not notice to him that work and labor furnished by the plaintiff in ignorance of that conveyance were thereafter to be charged any one other than those who had agreed to pay for them. He did not request the plaintiff to furnish labor and materials, nor permit him to go forward in the belief that the defendant knew he was furnishing them and was intending to pay for them. A mortgagee or grantee simply by accepting a conveyance is not rendered liable for unpaid labor and materials wrought into the real estate conveyed to him, although he may know the premises have a value greater in consequence of them. See *Roxbury Painting & Decorating Co.* v. *Nute,* 233 Mass. 112. If we assume, without deciding, that upon facts which justified the assumptions of request 4 a defendant might be liable, the justifying facts are missing here. The plaintiff knew the condition of Stone and Blier. They did not put it out of their power to perform their contract. On June 13 the defendant did not secretly take over the premises and permit the plaintiff to act on any ostensible contract with Stone and Blier. The plaintiff was knowingly acting and continued to act under a real contract with them.

There is nothing to indicate that the defendant possesses anything to which the plaintiff has a legitimate claim. Unless he does, unjust enrichment is absent. Nothing in *Connor* v. *Hackley,* 2 Met. 613, *Day* v. *Caton,* 119 Mass. 513, and *Rabinowitz* v. *People's National Bank,* 235 Mass. 102, cited by the plaintiff, supports his contention. It is overthrown by *O'Conner* v. *Hurley,* 147 Mass. 145, *F. W. Zemier & Co. Inc.* v. *Beacon Investment Association, Inc.*

232 Mass. 507, *Albert* v. *Boston Mortgage Bond Co.* 237 Mass. 118, *Turner* v. *Buttrick*, 272 Mass. 261. The trial judge in effect ruled that no ground of action in tort was shown. No false representations are disclosed.

The case has been tried fully upon an agreement that the auditor's finding of facts should be final. No liability of the defendant appears; his motion for judgment in his favor should have been granted. Therefore pursuant to G. L. c. 231, § 122, the order will be

*Exceptions sustained.*

\* *Judgment for the defendant.*