CIRCLE, APPELLEE, *v.* O'HARRA, APPELLANT.

(No. 8810—Decided March 19, 1968.)

*Messrs. Savage & Bailey,* for appellee.
*Mr. Robert A. Wilcox* and *Mr. Jacob A. Schlosser,* for appellant.

DUFFEY, P. J.   This is an appeal from a judgment of the Common Pleas Court of Franklin County in favor of plaintiff-appellee for $1,401.

Plaintiff-appellee is a licensed surveyor and civil engineer.   Defendant-appellant was the owner of a tract of some 100 acres of land.   Defendant-appellant contracted to sell 30 acres to one Ralph Holley at $2,000 per acre.

Holley was to subdivide and develop the land and pay the purchase price as lots were sold.

Holley contracted with the plaintiff-appellee to survey and prepare a plat of the property. This was discussed by Holley and plaintiff-appellee with defendant-appellant. After the platting work was done, the plats were presented to defendant-appellant for his signature as owner. After the plats were filed, defendant-appellant deeded the lots to Holley, taking promissory notes in exchange. Holley subsequently defaulted on both his obligation to plaintiff-appellee and those to defendant-appellant. However, Holley did deed back to defendant-appellant all lots still remaining in his, Holley's, name.

Upon reviewing the record, the court cannot find sufficient evidence to support an actual contract between plaintiff-appellee and defendant-appellant, *i. e.*, one based upon mutual assent, evidenced by explicit agreement or implied from the facts. Counsel for plaintiff-appellee has not relied upon such a theory. The case is briefed solely upon a theory of recovery based on quasi contract for unjust enrichment.

There is no doubt that Holley's ability to pay defendant-appellant was assisted by the performance of plaintiff-appellee's services to Holley, since Holley intended to and did use the proceeds from lots to pay defendant-appellant. We fail to see how the fact that plaintiff-appellee contracted and performed services for Holley conferred any unjust benefit on defendant-appellant. In essence, Holley had a contract to purchase property from O'Harra. Holley then contracted with plaintiff-appellee, Circle, to perform services which operated to enhance the value of the property, and the services were completed before performance of the contract of purchase was completed. That exact situation typifies those that gave rise to the constitutional provision for and statutory implementation of the so-called "mechanic's lien." However, plaintiff-appellee did not attempt to perfect a lien and probably could not qualify under the law. See Section 1311.01 (C), Revised Code; *Robert V. Clapp Co.* v. *Fox* (1931), 124 Ohio St. 331; *Manpower, Inc.,* v. *Phillips* (1962), 173 Ohio St. 45. We see no

basis to create a judicial mechanic's lien in favor of a person in plaintiff-appellee's position. See *Robinson* v. *Hathaway* (1931), 277 Mass. 82, 177 N. E. 863; *Davis Estate* v. *West Clayton Realty Co.* (1935), 338 Mo. 69, 89 S. W. 2d 22; *Reynolds* v. *Griswold* (1913), 152 Wis. 144, 139 N. W. 727; *Trimmer* v. *Sells* (1912), 87 Kans. 647, 125 P. 42; *Compton* v. *Payne* (1873), 69 Ill. 354; *Alexander* v. *Alabama Western R. R. Co.* (1912), 179 Ala. 480, 60 So. 295; *Green* v. *Messing* (1932), 236 App. Div. 107, 258 N. Y. S. 82; *Cascaden* v. *Maqryta* (1929), 247 Mich. 267, 225 N. W. 511; *Cahill* v. *Hall* (1894), 161 Mass. 512, 37 N. E. 573.

There is no doubt that when Holley deeded the unsold lots back to defendant-appellant, plaintiff-appellee's services and the materials and services of other unsecured creditors who did business with Holley had increased the value of the land, *i. e.*, it was subdivided and partially developed.

The transfer was clearly for an antecedent debt. It may have been a preference under the bankruptcy law. It may have been a transfer in fraud of creditors. *Cellar Lumber Co.* v. *Holley* (1967), 9 Ohio App. 2d 288 (involving the same basic transactions as this action). However, the evidence does not establish either. Further, we reject a mere preference or possible preference as an unjust enrichment giving rise to recovery in quasi contract. To do so would move that most valuable judicial remedial tool deeply into the field of insolvency statutes. It is not apparent that such a judicial development in creditor rights is either feasible or desirable.

The judgment of the Common Pleas Court will be reversed. An entry granting judgment for defendant-appellant may be submitted.

*Judgment reversed.*

Duffy and Herbert, JJ., concur.