RUELL *v.* CITY OF ALPENA.

1. MUNICIPAL CORPORATIONS—SALARIES OF OFFICERS—WAIVER.

The salary of a municipal officer, when once fixed in the manner prescribed by law, can be changed only by a like compliance with the statutory conditions; and by accepting a smaller amount than that to which he is entitled the officer does not waive his right to recover the full salary.

2. SAME—ORDINANCES—REPEAL.

A city council was by charter vested with the power to appoint, regulate, and maintain a police force, and, as well, with the power to determine and regulate the compensation of all officers, elective or appointive. Under this charter, the council adopted an ordinance providing for the appointment of certain police officers, and fixing their salaries. Afterwards, by an amendment of the charter, the general control of the police department was transferred to a board of commissioners, but the power to fix salaries was not conferred upon the board or taken from the council. *Held*, that the amendment did not operate to repeal the provisions of the ordinance in relation to salaries, and, no other action having been taken by the council upon that subject, an appointee of the commissioners was entitled to receive the salary fixed by the ordinance.

Error to Alpena; Kelley, J.  Submitted January 14, 1896.  Decided February 7, 1896.

*Assumpsit* by Edward A. Ruell against the city of Alpena to recover a balance alleged to be due him for salary as sergeant of police.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Reversed.

By the charter of the city of Alpena prior to 1891, the general police power was vested in the common council. So, also, was the power "to determine and regulate the compensation of all officers elected or appointed."  Under that charter the council passed an ordinance providing that the council should have power to appoint a chief of police, a sergeant of police, and patrolmen, to divide the city into precincts, and "assign sergeants of police to each of the said precincts."  The salary of the sergeant was fixed by the ordinance at $2.50 per day.  In 1891 the charter was amended by act of the legislature, providing for the appointment of a board of police commissioners, in which, when organized, was vested the general control of the police department.  Act No. 393, § 9, subd. 36, Local Acts 1891.  By the amended charter the power to fix salaries was not conferred upon this board nor taken away from the common council.  The board was duly organized in May, 1892, and adopted rules and regulations for the government of the department, and in them provided for a chief of police and a first and second sergeant. It appointed plaintiff first sergeant, and reported its action to the common council, with the recommendation that "his salary be fixed and remain as at present, $50 per month."  He had previously been employed upon the force as patrolman at that salary.  This report was placed on file by the council, and no further action was taken upon it.  Plaintiff entered upon the duties of his office, and continued therein until March, 1894, when he was discharged.  About two months after his appointment, he

presented a communication to the council claiming his salary under the above ordinance at $2.50 per day. The council took no other action than the reference of the demand to the board of police commissioners. In February, 1894, he made a similar demand, and thereupon the board discharged him. He then instituted this suit to recover the difference between $50 per month, which he had received, and $2.50 per day, which he claimed as his right under the ordinance.

*J. D. Turnbull*, for appellant.

*I. S. Canfield*, for appellee.

GRANT, J. (*after stating the facts*). Under both the old and amended charters, the exclusive power to fix salaries was in the common council. The provisions of the ordinance, enacted under the old charter, fixing the salaries of the police officers, were not repealed by that provision of the amended charter authorizing the formation of a board of commissioners and giving it control of the police department. The council had taken no other action fixing the plaintiff's salary, and it was therefore governed by the ordinance. *Miller* v. *Board of Auditors*, 41 Mich. 4. See, also, *People* v. *Board of Police*, 75 N. Y. 38; *Kehn* v. *State*, 93 N. Y. 294; *Ryce* v. *City of Osage*, 88 Iowa, 558.

Reversed, and new trial ordered.

The other Justices concurred.