BAYS v DEPARTMENT OF CIVIL SERVICE

1. LIMITATION OF ACTIONS—CLAIMS AGAINST STATE—ACCRUAL OF CLAIM.

   A claim against the state generally accrues when an individual is notified that his claim has been rejected.

2. LIMITATION OF ACTIONS—CLAIMS AGAINST STATE—ACCRUAL OF CLAIM—ACCUMULATED OVERTIME HOURS—CIVIL SERVICE—STATUTES.

   A state trooper's claim with regard to accumulated, uncompensated overtime hours does not accrue until his sick leave and vacation time have been exhausted, under the terms of the applicable Civil Service Commission orders; therefore, the statute of limitations does not begin to run until the trooper's sick leave and vacation time have been exhausted (MCLA 600.6452[1]).

Appeal from Ingham, James T. Kallman, J. Submitted June 3, 1975, at Lansing. (Docket No. 22385.) Decided August 14, 1975.

Complaint by George Bays against the State of Michigan, Department of Civil Service, for a declaratory judgment to ascertain the plaintiff's rights with regard to accumulated uncompensated overtime hours. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*James F. Finn,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Varda N. Fink,* Assistant Attorney General, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions § 107 *et seq.*

Before: BASHARA, P. J., and J. H. GILLIS, and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff, a state police officer, appeals from a decision of the circuit court, granting defendant's motion for accelerated judgment on the grounds that his claim was barred by the statute of limitations.[1]

The facts are not in dispute. Prior to January 1, 1958, officers of the Michigan State Police did not receive overtime compensation for hours worked in excess of 96 for a two-week period. After January 1, 1958 the state Civil Service Commission issued a new rule whereby police officers would be allowed to "bank" any hours worked over 96 in a two-week period. An officer could use this "banked time" only if he became ill or injured and had exhausted his available sick and vacation time.

On July 14, 1963, the Civil Service Commission discontinued this policy by order. However that order contained the following language:

"Banked time earned up to that date (July 14, 1963) will continue to be available to those who have earned such time, on approval of the Commission."

Plaintiff brought this action for declaratory judgment on September 6, 1974, to ascertain what his rights were with regard to the fund. In granting the state's motion for accelerated judgment, the trial court ruled that the cause of action accrued on July 14, 1963, the date of the order rescinding the "bank time" privilege.

---

[1] MCLA 600.6452(1); MSA 27A.6452(1) provides:

"Every claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within 3 years after the claim first accrues."

Generally, a claim accrues when an individual is notified that his claim has been rejected. *The Cooke Contracting Co v Dept of State Highways #1 (On Rehearing),* 55 Mich App 336; 222 NW2d 231 (1974). The defendant and plaintiff refer to a leading case of *Brown v Dept of Military Affairs,* 386 Mich 194; 191 NW2d 347 (1971), *cert den,* 405 US 990; 92 S Ct 1256; 31 L Ed 2d 457 (1972). The defendant quotes from Justice T. E. BRENNAN's opinion in *Brown, supra,* p 202, in support of its position that the claim accrues at the time the service is performed:

"A claim for wages ripens when the service is performed and payday comes."

We believe that a different interpretation should be given those words and that case. The state trooper's "payday" with regard to bank-time funds does not come until the trooper's sick leave and vacation time have been exhausted. *Brown, supra,* concerns itself, solely, with a claim for back wages which clearly would have accrued as of the date they were earned.

The plaintiff's claim, however, does not accrue until the sick leave and vacation time has been depleted. It is only then that the possibility of claim arises. To hold otherwise would work an injustice on state troopers who might be covered under the terms of the order between 1958 and 1963. The ruling of the trial court would require troopers to have filed claims within three years of July 14, 1963, even though those claims would surely have been denied where sick leave and vacation time had not been exhausted.

We do not, by this opinion, pass upon the merits of plaintiff's claim. We merely hold that the stat-

ute of limitations does not begin to run until the plaintiff's claim arises by virtue of the orders of January 1, 1958 and July 14, 1963.

Plaintiff has served 27 years with the State Police. He is entitled, as are all officers similarly situated, to a court determination as to how the accumulated "bank time" earned between 1958 and 1963 will apply.[2]

Reversed and remanded for trial. No costs, a public question being involved.

---

[2] To force state police officers with possible bank time to wait until all sick leave and vacation time is expended, might well act to totally deprive them of any possible rights. Assume Officer Bays was prepared to retire; assume further that he had accumulated 30 days of vacation and sick leave time and 15 days of "bank time" under the prior administrative order. Would he have to wait until the sick leave and vacation time are exhausted to bring an action for declaratory judgment? We think not.