BRANDON TOWNSHIP v JEROME BUILDERS, INC.

1. APPEAL AND ERROR—JUDGMENT—SUMMARY JUDGMENT—FAILURE
   TO STATE CLAIM—COURT RULES.

   The Court of Appeals accepts a plaintiff's factual allegations as
   true when reviewing a grant of summary judgment for failure
   to state a claim upon which relief can be granted (GCR 1963,
   117.2[1]).

2. PLEADING—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
   COURT RULES.

   Summary judgment is inappropriate unless a plaintiff's claim is
   so clearly unenforceable as a matter of law that no factual
   development could possibly justify a right to recovery (GCR
   1963, 117.2[1]).

3. NUISANCE—DEFINITION.

   A condition which is so threatening as to constitute an impending
   danger to the public welfare is a nuisance.

4. CONTRACTS—QUASI CONTRACTS—RECOVERY—BENEFITS—EQUITY.

   The essential elements of a quasi contractual obligation upon
   which a recovery may be had, are the receipt of a benefit by a
   defendant from a plaintiff, which benefit it is inequitable that
   the defendant retain.

5. CONTRACTS—IMPLIED CONTRACTS—SERVICES SUPPLIED—NECESSARY
   SERVICES—RESTITUTION.

   A person who has performed the duty of another by supplying
   things or services, although acting without the other's knowl-
   edge or consent, is entitled to restitution from the other if (a)
   he acts unofficiously and with intent to charge therefor, and (b)

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61 Am Jur 2d, Pleading § 229 et seq.
[3] 58 Am Jur 2d, Nuisances § 1.
[4] 66 Am Jur 2d, Restitution and Implied Contracts §§ 2, 4.
[5] 66 Am Jur 2d, Restitution and Implied Contracts § 23.
[6] 58 Am Jur 2d, Nuisances § 207.

the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety.

6. NUISANCE—ABATEMENT OF NUISANCE—DAMAGES—TAXES—STATUTES.

A township board, acting as a board of health, is empowered to abate nuisances including the issuance of an order to a private property owner to remove a nuisance within 24 hours at his own expense, and upon failure to comply with the order the board may remove the nuisance at the owner's expense; the appropriate remedy in such a situation is not a suit for statutory damages, because according to statute, the expense must be assessed against the property and "shall be collected and treated in the same manner as are taxes assessed under the general laws of the state" (MCLA 327.10; MSA 14.70).

Appeal from Oakland, James S. Thorburn, J. Submitted October 17, 1977, at Detroit. (Docket No. 31239.) Decided December 6, 1977.

Complaint by Brandon Township against Jerome Builders, Inc., and others to recover the costs of repairs it made to a dam owned by defendants. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Campbell, Kurzman, Plunkett & Roggenbaum* (by *Richard A. Campbell, J. Kingsley Cotton* and *Patrick M. Barrett*), for plaintiff.

*Stanton L. Walker, P. C.* (by *Ralph H. Watt*), for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

R. B. BURNS, J. Plaintiff brought this action to recover the costs of repairs it made to a dam owned by defendants. On the date set for trial, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court *sua sponte*[1] entered summary judgment against plaintiff for failure to state a claim upon which relief could be granted, GCR 1963, 117.2(1), and plaintiff appeals. We reverse.

Plaintiff's amended complaint alleged that defendants owned a dam which contained Lake Louise, located in Brandon Township. Plaintiff advised defendants on numerous occasions that the dam was in need of repair, and that it feared a catastrophic rupture and flood in the event of heavy rainfall. Defendants refused to repair the dam. Because of heavy spring rainfall and runoff plaintiff determined that there was an imminent threat to the health, safety and welfare of township residents, and therefore repaired the dam and made it safe. The repairs cost $19,230.96, for which plaintiff had been compensated in part by the State Disaster Fund. Plaintiff sought the balance of $15,431.96, alleging damages incurred in having to abate the nuisance, and unjust enrichment.

On review of summary judgment under GCR 1963, 117.2(1), we accept as true plaintiff's factual allegations. *Van Liere v State Highway Department,* 59 Mich App 133, 137; 229 NW2d 369, 371 (1975). Unless plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery, summary judgment is not appropriate. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577, 580 (1972).

A condition which is so threatening as to consti-

---

[1] Because of our resolution of the other issues on appeal, we do not reach the propriety of the trial court's grant of summary judgment. *See* GCR 1963, 108.4 and 117. However, we note that providing parties advance notice that the court is entertaining the possibility of summary judgment would permit the parties to research the issue, and could avoid unnecessary appeals and reversals.

tute an impending danger to the public welfare is a nuisance. *Kilts v Board of Supervisors,* 162 Mich 646, 651; 127 NW 821, 822 (1910). It is therefore clear that plaintiff has pled abatement of a nuisance. The issue is whether plaintiff may recover against defendants for the cost thereof.

Plaintiff's first theory is quasi contract.

"The essential elements of a quasi contractual obligation, upon which a recovery may be had, are the receipt of a benefit by a defendant from a plaintiff, *which benefit it is inequitable that the defendant retain." Moll v County of Wayne,* 332 Mich 274, 278–279; 50 NW2d 881, 883 (1952), *overruled on other grounds, Brown v Department of Military Affairs,* 386 Mich 194, 201; 191 NW2d 347, 351 (1971), *cert den* 405 US 990; 92 S Ct 1256; 31 L Ed 2d 457 (1972).

More specifically,

"[a] person who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if (a) he acts unofficiously and with intent to charge therefor, and (b) the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety." Restatement Restitution, § 115, p 481.

Plaintiff's allegations fall squarely within the situation envisioned by the Restatement. Defendants were enriched by the repairs made to its dam, and the enrichment was unjust because it was defendants' duty to repair the dam.

Plaintiff's second theory is that it has a statutory right to recover for the cost of abatement of the nuisance. It is true that the township board, acting as a board of health, MCLA 327.1; MSA 14.61, is empowered to abate nuisances. MCLA

327.8; MSA 14.68. The board may order a private property owner to remove a nuisance within 24 hours at his own expense, MCLA 327.9; MSA 14.69, and upon failure to comply with the order, the board may remove the nuisance at the owner's expense. MCLA 327.10; MSA 14.70. However, the appropriate remedy in such a situation is not a suit for damages. The expense must be assessed against the property and "shall be collected and treated in the same manner as are taxes assessed under the general laws of the state". MCLA 327.10; MSA 14.70. Thus, plaintiff has no statutory right to damages in this action.

Since the issue as to whether the dam was in fact a nuisance could recur in the tax assessment context if plaintiff loses on the quasi contract theory, plaintiff should be granted leave to amend its amended complaint on remand, substituting a prayer for declaratory relief for its prayer for money damages under Count II of the complaint.

Reversed and remanded with instructions. Costs to plaintiff.