616 So.2d 1173 (1993)
CITY OF JACKSONVILLE, a municipal corporation, Appellant,
v.
Gerald SOHN, Appellee.
No. 91-03148.
District Court of Appeal of Florida, First District.
April 16, 1993.
John A. Delaney, General Counsel, and Luis Tous, Asst. General Counsel, Office of General Counsel, Jacksonville, for appellant.
Gerald Sohn, pro se.
BOOTH, Judge.
This cause is before us on appeal from summary final judgment. At issue is whether the appellant City of Jacksonville (the City) is entitled to maintain an action against appellee Gerald Sohn personally for the cost of abating nuisance conditions on various parcels of real property owned by appellee.
The City's second amended complaint alleged that appellee was the owner of certain parcels of real property located in Duval County, Florida, and that the City had performed work, labor, and services on such properties, by correcting conditions which constituted nuisances under chapter 370 of the Code of Ordinances of the City of Jacksonville. Prior to abating the nuisances, the City posted notices on each of the properties and mailed copies of the notices to appellee. The notices, appended to the complaint as a composite exhibit, identified the nuisance conditions as "excessive accumulations of untended growth of weeds, grass, underbrush, or undergrowth, or other noxious vegetation" and/or "garbage, trash, rubbish and/or debris; if any." The notices provided in pertinent part:
You are hereby directed to remove, terminate and abate such offending conditions within 15 DAYS of the date of this notice, or within such time established by the Environmental Protection Board if appealed. You have 15 DAYS from the *1174 date of this notice to make written request to the Environmental Protection Board to appeal. If you fail to terminate the offending conditions within 15 DAYS from the date of this notice, or within such time established by the Environmental Protection Board, the offending conditions may be terminated by the City and the total cost of such termination including administrative costs shall be a special tax and lien upon the property. In addition, the owner, agent, custodian, lessee, trustee and occupants of the property are subject to prosecution for violation of Chapter 370, of the Ordinance Code of the City of Jacksonville.
Appellee did not respond to the notices. After the City abated the nuisances, the City filed notices of nuisance abatement lien in the office of the tax collector and published notices of filing the liens. The City then filed the instant action for damages against appellee personally, under the doctrine of implied contract.
Appellee answered with a general denial and asserted a series of affirmative defenses, which we need not discuss further to resolve the issue before us. In response to the City's requests for admissions, appellee admitted that he was the owner of most of the properties, that he had received most of the preabatement notices, that he had not appealed any of the notices to the City's Environmental Protection Board or abated the nuisances, and that he had received most of the postabatement notices of lien. The parties filed cross-motions for summary judgment. It is from the trial court's entry of summary judgment in favor of appellee that the City takes this appeal.
The general rule is that municipalities may, under their police powers, regulate, restrain, and abate activities or conditions which are dangerous to the public, health, safety, or welfare. Carter v. Town of Palm Beach, 237 So.2d 130 (Fla. 1970); Pasco County v. Tampa Farm Service, Inc., 573 So.2d 909, 912 n. 4 (Fla. 2d DCA 1990); 12 Fla.Jur.2d Counties and Municipal Corporations §§ 207-208 (1979). However, any action taken by a municipality must be in conformity to the ordinances of the municipality. Ellison v. City of Fort Lauderdale, 183 So.2d 193, 195 (Fla. 1966) (city's failure to comply with specific grant of authority by the Legislature and its own charter in enacting a zoning ordinance rendered the ordinance invalid); Town of Bithlo v. Bank of Commerce, 92 Fla. 975, 110 So. 837, 838 (Fla. 1926); Little River Investments, Inc. v. Fowler, 266 So.2d 68, 70 (Fla. 3d DCA 1972) (city's failure to comply with its ordinances in replatting property rendered its actions null and void); 12 Fla.Jur.2d Counties and Municipal Corporations § 86 (1979).
In abating the nuisances on appellee's property, the City acted under chapter 370 of its Code of Ordinances. Section 370.101 defines "conditions considered to be nuisances." Sections 370.102 through 370.105 provide for notice to the landowner and opportunity to be heard, and for a right in the City to enter land for the purpose of abating a nuisance. Section 370.106 provides that the "total expense, including administrative costs, incurred by the city in causing a public nuisance to be terminated under this chapter shall be a special tax and lien upon the property." Section 370.108 provides that the cost of abating the nuisance, plus administrative costs and interest, "shall be a lien against the property and shall be collected and enforceable in the same manner as is provided by law for the enforcement of other taxes levied upon the property." Section 173.02, Florida Statutes, provides that "[s]uits for the foreclosure of tax liens and special assessments ... shall be in the nature of proceedings in rem... . Any judgment or decree that may be rendered in any such suit shall be enforceable only against such lands." Thus, chapter 370 does not create in the City the right to enforce nuisance abatement liens against landowners personally. The City makes no argument to the contrary.
The City does contend, however, that chapter 370 of the Code of Ordinances does not set forth the City's exclusive remedy, but is instead cumulative to the City's right to recover under an implied contract *1175 theory, as such theory is set forth in the American Law Institute Restatement of Restitution § 115 (1937), which provides:
Performance of Another's Duty to the Public.
A person who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if
(a) he acted unofficiously and with intent to charge therefor; and
(b) the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety.
This section was adopted by the court in Brandon Township v. Jerome Builders, Inc., 80 Mich. App. 180, 263 N.W.2d 326 (1977), to permit the plaintiff township to recover from landowners personally, the cost of abating a nuisance in the absence of enabling legislation. In Brandon, the township requested that owners of a dam repair the dam. The township feared a catastrophic rupture of the dam and flood in the event of a heavy rainfall. After the defendants refused to repair the dam, the township repaired the dam. The restatement was also cited with approval by the court in State v. Schenectady Chemicals, Inc., 103 A.D.2d 33, 479 N.Y.S.2d 1010 (1984). In Schenectady Chemicals, the state was permitted to seek restitution from a chemical manufacturer which had disposed of hazardous waste at a site which threatened a public groundwater supply.
We need not decide whether the restatement should be adopted here, because the City has in no way alleged that it was acting under an emergency when it abated the nuisances on appellee's properties. The City's second amended complaint simply alleged that the City performed certain work, labor, and services "in connection with said properties." The notices posted on the properties and mailed to appellee identified the nuisances as "excessive accumulation or untended growth of weeds, grass, underbrush or undergrowth, or other noxious vegetation" and "garbage, trash, rubbish, and/or debris, if any." We simply cannot equate such conditions with the emergencies identified in Brandon Township, supra, and Schenectady Chemicals, supra.
For the foregoing reasons, the judgment appealed from is affirmed.
SMITH and ALLEN, JJ., concur.