CASCADEN v. MAGRYTA.

1. Husband and Wife—Wife Not Personally Liable for Repairs to Homestead.

Where husband and wife were purchasing a home on land contract, wife may not be held personally liable for repairs thereon made on order of insurance adjuster and acquiesced in by husband and wife on theory that insurance company was liable and would pay therefor.

2. Contracts—Implied in Fact—Meeting of Minds Necessary.

Contract implied in fact does not exist unless the minds of the parties meet, by reason of words or conduct.

3. Same—Quasi or Constructive Contracts.

Contract implied in law is *quasi* or constructive, and does not require a meeting of minds, but is imposed by fiction of law, to enable justice to be accomplished, even in case no contract was intended.

4. SAME—FICTION OF QUASI OR CONSTRUCTIVE CONTRACT EMPLOYED WITH CAUTION.

Courts employ fiction of *quasi* or constructive contract with caution, and will never permit it in cases where contracts, implied in fact, must be established, or substitute one promisor or debtor for another.

5. SAME—IMPLIED CONTRACTS—NO LIABILITY WHERE NO CONTRACT ACTUAL OR IMPLIED.

Contractors repairing house on order of insurance adjuster and acquiesced in by owners on theory that insurance company was liable and was exercising option to repair under Comp. Laws Supp. 1922, § 9100 (243), may not, after denial of liability by adjuster, recover from owners; there being no implied contract in fact, and the court may not find one, *quasi* or constructive.

6. COSTS—NOT ALLOWED WHERE NO BRIEF FURNISHED.

Appellees furnishing no brief are awarded no costs on affirmance of judgment in their favor.

Error to Wayne; Parker (James S.), J., presiding. Submitted April 4, 1929. (Docket No. 60, Calendar No. 34,180.) Decided June 3, 1929.

Assumpsit by Cecil M. Cascaden and Wilfred C. Beach, copartners, doing business as Cascaden & Beach, against Joseph Magryta and another for repairs to a house damaged by fire. From a judgment for defendants, plaintiffs bring error. Affirmed.

*Chester J. Morse (Edgar C. Ashmead,* of counsel), for plaintiffs.

WIEST, J. This is a suit in assumpsit, with declaration upon the common counts, brought by plaintiffs to recover from defendants compensation for repairing a house damaged by fire. In the circuit the case was heard by the court, and judgment entered for defendants.

The legal question, presented by a most unsatisfactory record, may be stated as follows: In case of damage, by fire, to a residence, being purchased under land contract and occupied as a homestead by the purchasers, may [if] parties called by an adjuster, representing an insurance company thought to be liable for the loss, and not shown to be otherwise, and who gave the adjuster an estimate of their charges for making the repairs, and were told by the adjuster "to go out there," and were told by the purchasers that "it was all right, to go ahead and replace it to the amount paid by the insurance company," and it was the intention of the purchasers that the insurance company would pay for the repairs and the intention of the parties making the repairs to look to the insurance company for their pay, and, after the repairs were nearly completed, the adjuster stated to the repair men that the insurance did not cover the loss, are the purchasers under legal obligation to pay for the repairs so made?

Plaintiffs claim the right to recover under an implied contract.

The defendants are husband and wife, and in no event can the wife be held personally liable. *Farmer v. Best,* 246 Mich. 434.

Plaintiffs cannot recover on the theory of a contract implied in fact, for the work was not done and the materials not furnished under circumstances authorizing plaintiffs to entertain an expectation of pay from defendants. The plaintiffs expected the insurance company to make payment out of the insurance, and only after denial of liability by the adjuster did they seek to fasten liability upon defendants under an implied contract.

Is defendant Joseph Magryta liable upon a *quasi* or constructive contract?

There are two kinds of implied contracts: one implied in fact, and the other implied in law. The first does not exist unless the minds of the parties meet, by reason of words or conduct. The second is *quasi* or constructive, and does not require a meeting of minds, but is imposed by fiction of law, to enable justice to be accomplished, even in case no contract was intended.

In order to afford the remedy demanded by exact justice and adjust such remedy to a cause of action, the law sometimes indulges in the fiction of a *quasi* or constructive contract, with an implied obligation to pay for benefits received. The courts, however, employ the fiction with caution, and will never permit it in cases where contracts, implied in fact, must be established, or substitute one promisor or debtor for another.

Liability of the insurance company for the loss was not made an issue in this case, and, for aught appearing here, it may be liable. The record does not disclose the name, even, of the insurance company, or the amount of the insurance, or to whom the policy, if any, was issued. The statement by the adjuster to plaintiffs, after the repairs were practically completed, that defendants herein were not protected by insurance, did not establish such fact or authorize plaintiffs to look to defendants instead of the insurance company for their pay. It seems to have been the practice, in cases of damage by fire, for the adjuster to call upon plaintiffs to make an estimate of the cost of repairs and to settle with an insured, either by paying such estimated amount or having the repairs made by plaintiffs and arrange to pay them out of the insurance.

Under the Michigan standard form of fire insurance policy, an insurance company has the option to

repair the property damaged. Comp. Laws Supp., 1922, § 9100 (243). The adjuster exercised the option, and, to satisfy the loss, assumed for the insurance company the obligation to repair the damage, and sent plaintiffs to do the work. The defendants could not, while the insurance company was exercising the option right to repair, do otherwise than submit. Out of such submission no implied contract to pay plaintiffs could arise.

There is in the testimony this significant admission by the plaintiff Cecil M. Cascaden:

"*Q.* Were you present at the time Mr. Williams spoke to Mr. Magryta and says: 'Don't you worry. The insurance company will take care of you. We have our contractor, Mr. Cascaden. He will do the work.' Do you remember that?

"*A.* He told them—yes, Mr. Williams told them that the insurance company would pay it."

Under the circumstances here disclosed, there was no implied contract in fact, and the court may not find one, *quasi* or constructive.

The judgment is affirmed, but without costs, no brief having been furnished in behalf of defendants.

North, C. J., and Fead, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.