## MOLL v. COUNTY OF WAYNE.

1. COUNTIES—CLAIMS—BURDEN OF PROOF—CONTRACT TO REPAY PORTION OF CIRCUIT JUDGE'S SALARY RETURNED.

   The burden rests upon plaintiff, a former circuit judge, to establish by competent proofs and a preponderance of the evidence that his return of a portion of his salary paid by defendant county was of such a character that an obligation was assumed by or imposed upon defendant to repay plaintiff the sums which he returned.

2. CONTRACTS—IMPLIED IN FACT.

   A contract implied in fact requires a meeting of the minds of the parties.

3. SAME—IMPLIED IN LAW.

   A contract implied in law does not require a meeting of the minds of the parties but is imposed by fiction of law, to enable justice to be accomplished even in case no contract was intended.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Counties § 44.
[2] 12 Am Jur, Contracts § 4.
[3, 4] 12 Am Jur, Contracts § 6.
[5] 12 Am Jur, Contracts § 19.
[6] 4 Am Jur, Assumpsit §§ 10, 19.
[7] 20 Am Jur, Evidence § 137.
[8] 34 Am Jur, Limitation of Actions § 450.

4. SAME—IMPLIED IN LAW.

The fiction of a contract implied in law will be applied by the courts with caution and it is required that it be shown defendant received a benefit from plaintiff which benefit it is inequitable that defendant retain.

5. SAME—IMPLIED CONTRACTS—MEETING OF THE MINDS—EVIDENCE.

A meeting of the minds as to any return to plaintiff of any moneys he had returned to defendant county as part of his salary which defendant had paid him while it was in dire financial straits not having been shown by any testimony, there was neither an express contract nor a contract implied in fact for its return.

6. MONEY PAID—REPAYMENT OF CIRCUIT JUDGE'S SALARY RETURNED TO COUNTY.

A contract to return portion of circuit judge's salary which he had returned to county while it was in dire financial straits will not be implied in law, where nothing appears in the record from which it might be said that it would be inequitable to permit defendant to retain the moneys or that their return to plaintiff is necessary in order to enable justice to be accomplished.

7. TRIAL—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.

The burden of proving an affirmative defense cannot operate to relieve plaintiff of the duty of establishing the nature of the transaction and character of the liability arising therefrom as a prerequisite to his right to recover at all.

8. SAME—LIMITATION OF ACTIONS—BURDEN OF PROOF—COUNTIES.

Defendant county was not required to establish the defense of the statute of limitations in proceeding by former circuit judge to recover from it a portion of his salary which he had voluntarily returned to county while it was in dire financial straits yet unable to reduce his and other judges' salaries some 10 years before he sought recovery, where plaintiff failed to establish that his right to recover such moneys was on a basis to which the statute of limitations would be inapplicable until demand was made (CL 1948, § 609.13).

Appeal from Wayne; O'Neill (James E.), J., presiding. Submitted October 9, 1951. (Docket No. 56, Calendar No. 45,252.) Decided January 7, 1952.

Lester S. Moll presented his claim to County Board of Wayne County Auditors for money re-

turned to county during depression years. Claim disallowed. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant County of Wayne appeals. Reversed.

*Lester S. Moll, in pro. per.*

*Gerald K. O'Brien,* Prosecuting Attorney, *Hobart Taylor, Jr., Philip A. McHugh* and *Aloysius J. Suchy,* Assistant Prosecuting Attorneys, for defendant.

DETHMERS, J. Plaintiff was a judge of the third judicial circuit of Michigan from September, 1929, until August, 1944. When he was elected to the 6-year term commencing January 1, 1930, the salary was fixed by law at $6,000 to be paid by the State, plus $8,500 paid by Wayne county. During depression years Wayne county found itself in dire financial straits resulting from tax delinquencies. Accordingly, the board of supervisors undertook to reduce salaries of county employees. In response to public clamor, they sought, in October of 1932, to reduce the salary paid by the county to circuit judges from $8,500 to $7,200 per year. Under the Constitution of 1908, art 16, § 3, they could not, after his election, reduce plaintiff's salary for the term to which he had been elected. Consequently, the intended pay cut was not actually put into effect. Under that set of circumstances the circuit judges, after meetings and discussions among themselves, while continuing to draw their full salaries, voluntarily turned into the Wayne county treasurer, from time to time, sums totaling the amount of the projected pay cut, *viz.,* $1,300 annually. Plaintiff turned in such amounts to the county treasurer regularly, at the approximate rate of $108.32 each month, from

January, 1933, until July, 1935, to a total of $3,-032.96.

On April 19, 1945, plaintiff filed a verified petition directed to the board of county auditors pursuant to CL 1948, § 46.71 (Stat Ann § 5.521) requesting, for the first time, the return of said money to him. This claim was denied in August, 1946, and plaintiff took an appeal to the circuit court in accord with CL 1948, § 46.72 et seq. (Stat Ann § 5.522 et seq.) Thereupon defendants filed an answer to plaintiff's petition, denying any agreement by defendants to repay such funds and raising as an affirmative defense the statute of limitations. CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605). On trial plaintiff adduced no affirmative proofs, other than as indicated by the above factual statement, concerning the nature of the transaction involved. He showed no express agreement between himself and the county, hereinafter called defendant. There is no testimony of any conversation between plaintiff and defendant's agents or employees characterizing plaintiff's returns of moneys to defendant at that time. He testified that he did not intend to give the money to the county when he returned it, but there is no testimony that he then so advised the defendant. From judgment for plaintiff, defendant appeals.

The burden rests on plaintiff in this case to establish by competent proofs and a preponderance of the evidence that the transaction in question was of such a character that an obligation was assumed by or imposed upon defendant to repay plaintiff the sums which he returned.

"It is not every receipt of money that involves a promise to repay. It is true that money may be received under circumstances implying a promise to repay it. The action brought required plaintiffs to establish a promise, express or implied, on the

part of defendant to repay and the burden still rested upon plaintiffs to make such showing, after defendant denied any such promise and made the defense that it was not to be repaid." *Burke* v. *Burke,* 217 Mich 195.

It is plaintiff's contention that the returns of money by him to defendant constituted deposits returnable to him on demand. There is not one shred of testimony of an express contract here. Plaintiff testified that there was none. Was there an implied contract?

"There are 2 kinds of implied contracts: 1 implied in fact, and the other implied in law. *The first does not exist unless the minds of the parties meet,* by reason of words or conduct. The second is quasi or constructive, and does not require a meeting of minds, but is imposed by fiction of law, *to enable justice to be accomplished,* even in case no contract was intended.

"In order to afford the remedy demanded by exact justice and adjust such remedy to a cause of action, the law sometimes indulges in the fiction of a quasi or constructive contract, with an implied obligation to pay for benefits received. The courts, however, employ the fiction with caution, and will never permit it in cases where contracts, implied in fact, must be established, or substitute one promisor or debtor for another." *Cascaden* v. *Magryta,* 247 Mich 267, quoted with approval in *City of Detroit* v. *City of Highland Park,* 326 Mich 78.

"A contract implied in law is quasi or constructive, and does not require a meeting of minds, but is imposed by fiction of law to enable justice to be accomplished, even where no contract was intended. *Cascaden* v. *Magryta,* 247 Mich 267.    *    *    *

"The essential elements of a quasi contractual obligation, upon which a recovery may be had, are the receipt of a benefit by a defendant from a plaintiff, *which benefit it is inequitable that the defendant*

*retain." Herrmann* v. *Gleason* (CCA), 126 F2d 936. There is no showing whatsoever of a meeting, by reason of words or conduct, of the minds of plaintiff and defendant on the nature of the transaction or on defendant's assuming an obligation to repay plaintiff, a prerequisite to a contract implied in fact. Plaintiff's own testimony is directly to the contrary.

Was there a contract implied in law, quasi or constructive? Nothing appears in the record from which it might be said that it would be inequitable to permit defendant to retain the moneys or that their return to plaintiff is necessary in order to enable justice to be accomplished. A due consideration of all the circumstances, such as are disclosed by the record, under which these moneys were turned over by plaintiff to defendant, leads to the opposite conclusion. Were equitable considerations thought to exist justifying the imposition, by fiction of law, of a quasi or constructive contract, when would plaintiff's cause of action thereunder have accrued? If there were such equitable considerations as would entitle plaintiff to repayment, they would have existed in July of 1935 when he made the last return as well as in 1945 when he made the first demand. Nothing occurred in the interim to alter the equities. Consequently, he could have maintained his suit, if ever, in 1935. He failed to act until 1945 when the statutory period had run. Plaintiff cites *In re McKeyes' Estate,* 315 Mich 369, for the proposition that the defense of the statute of limitations is an affirmative one and that the burden of establishing it rests upon him who asserts it unless it otherwise appears from the proofs. Here, if plaintiff's proofs could have been said to have made out any case for him at all, they would have established that his cause of action accrued more than 6 years prior to filing of his claim. The burden of proving an affirmative defense cannot operate to relieve plain-

tiff of the duty of establishing the nature of the transaction and the character of the liability arising therefrom as a prerequisite to his right to recover at all; and, having failed to prove their nature and character to be such as to render the affirmative defense inapplicable, the burden does not thereupon shift to defendant to disprove it.

Judgment reversed, with costs to defendants.

North, C. J., and Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Butzel, J., did not sit.