# STATE OF MICHIGAN

# COURT OF APPEALS

AMY N. SCOTT,

        Petitioner-Appellant,

v

NILES COMMUNITY SCHOOLS BOARD OF
EDUCATION,

        Respondent-Appellee.

UNPUBLISHED
November 1, 2016

No. 327564
State Tenure Commission
LC No. 14-000020

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Petitioner appeals by leave granted the decision and order of the State Tenure Commission (STC) granting summary disposition to respondent on the grounds that petitioner failed to state a claim for which relief could be granted. Mich Admin Code, R 155(1)(a). For the reasons stated in this opinion, we reverse and remand to the STC for further proceedings consistent with this opinion.

## I. BACKGROUND

Respondent terminated the employment of petitioner based on allegations that petitioner had engaged in an affair with Adam Zmudzinski, a fellow teacher at Oak Manor Sixth Grade Center. Petitioner admitted to an affair that began in June 2011, but claimed that it ended a few months later. She also denied that the affair occurred during school hours. In 2013, petitioner was promoted to director of instruction for the school district, an administrative position wherein she was allowed to work a flex schedule.

The incident that precipitated respondent's charges against petitioner occurred on February 5, 2014. Amid suspicions that the affair was ongoing, and noting that petitioner and Zmudzinski were not in the building, a secretary, Julie Poole, and a teacher at Oak Manor, Juli Findeisen, investigated the whereabouts of the two. Findeisen telephoned her husband to request that he drive by Zmudzinski's home to see if Zmudzinski and petitioner were there. Findeisen reported back to his wife by sending her a video of petitioner's vehicle parked in Zmudzinski's driveway. Findeisen then shared that video with other teachers at the Oak Manor and Poole. Poole then asked the principal of the elementary school whether she had seen the video. After viewing the video, the principal notified the district's director of personnel and an investigation was begun.

-1-

During the investigation, petitioner was placed on administrative leave and told not to talk to anyone about the matter. Primarily through interviews with Zmudzinski, the school district concluded from its investigation that petitioner and Zmudzinski had been involved in an intimate relationship, that both violated a directive not to talk about the matter, and that their conduct negatively affected both Oak Manor and another of the district's elementary schools.

## II. ADMINISTRATIVE PROCEEDINGS

Interim superintendent Michael Lindley filed charges against petitioner in accordance with the Teacher Tenure Act (TTA), MCL 38.71 *et seq.*, seeking her discharge, and respondent adopted a resolution to proceed with the charges. Petitioner filed a claim of appeal in accordance with MCL 38.104(1) and Mich Admin Code, R 38.143, which included the following prayer for relief:

> Since it may be difficult if not impossible to return to her former workplace due to the defamatory statements made by [the school district] and its arbitrary and capricious actions in moving for her dismissal, [petitioner] demands that she be given two additional years['] salary, a positive letter of recommendation from [the school district] admitting fault in its investigation, compensation for her attorney's fees, costs, applicable interest, and any other just and proper relief.

Pursuant to Mich Admin Code, R 38.155(1), a party involved in a claim of appeal may move for summary disposition on any one of several grounds similar to those in MCR 2.116(C). On July 11, 2014, respondent moved for summary disposition pursuant to subrule (1)(a) on the ground that petitioner failed to state a claim on which relief can be granted. Petitioner did not respond to respondent's motion for summary judgement. In the preliminary decision and order (PDO), the referee said that he "discussed that motion with counsel during a July 25, 2014 telephone conference." On July 29, 2014, the referee entered an order granting partial summary disposition in which he stated that "the Commission does not have jurisdiction to award the requested relief."

The matter proceeded to an evidentiary hearing. During his opening statement on August 11, 2014, petitioner's attorney argued:

> So at the end of these proceedings, we will ask for a finding that there is no cause to substantiate the dismissal that, if there has been an uproar caused after these charges were made, it is due to the unilateral actions and abuses of discretion of Niles Schools, not Ms. Scott. We think that the contract or at least Ms. Scott's tenure should be honored. And at the close of proceedings, we'll propose a remedy within the confines of the Teachers Tenure Act that will be available given the facts of this case. Thank you.

At the end of the testimony, neither side presented any closing argument; neither was asked if they wanted to present one. The referee advised the parties of the schedule for filing the post-hearing briefs.

In their briefs, both sides argued the merits of the discharge. Petitioner argued that respondent's discharge was arbitrary and capricious, and then ended her brief with the following regarding a remedy:

D.     Despite the difficulty of Scott's return, Michigan law does provide a remedy for this particular case.

The evidence presented in this case is that Scott's reputation was damaged but the testimony limited that damage to two schools (and at most four) out of ten schools within the Niles Community School System. There was also ample evidence that Scott was an accomplished teacher prior to her role as an administrator. In this case, Scott's tenure is a product of her certification and prior employment as a teacher.

Because of these circumstances, Scott's case tracks closely with the remedy found in *Street v Bd of Ed of Sch Dist of City of Ferndale, Oakland Cnty*, 361 Mich 82, 104 NW2d 748 (1960). In that case, where a teacher was promoted to principal and then reassigned as a visiting teacher within the district, it was considered proper (and not a demotion) under the Teacher Tenure Act where the salary remained in place. *Id*.

The same remedy could be applied here as a reassignment as a visiting teacher (excluding those limited number of schools where there is an apparent lack of respect factor) at Scott's same salary of $73,000.00 per year would be appropriate. Thus, in light of the lack of cause for dismissal and the alleged lack of respect, combined with Scott's teaching acumen, the remedy found in *Street* would appear to address any remaining issues in this case.

Petitioner also requested that the charges for dismissal be dismissed.

On December 29, 2014, the referee issued his PDO in which he found that petitioner and Zmudzinski did have an adulterous affair that lasted from June 2011 to September 2011 but that the morals clause of her administrator's contract was not in effect until two years later so she did not violate the moral turpitude clause within the contract. The referee also found that any negative perceptions of petitioner by others in the district were based only on unsubstantiated rumors that the affair was still ongoing in February 2014. He concluded that petitioner was insubordinate when she responded to an email from Zmudzinski in contravention of a verbal directive not to communicate with others in the school community, but that act warranted, at most, a 15-day suspension without pay. Ultimately, the referee found that because respondent's claim that petitioner lacks credibility with staff and can no longer be effective as a teacher was based on rumor and gossip and not based in fact, the decision to terminate her employment was arbitrary and capricious. The referee denied respondent's request to discharge petitioner and ordered that she be reinstated with "lost salary" as that term is defined in case law.

On March 4, 2015, the STC filed its decision and order on exceptions. The STC found that although the Teacher Tenure Act (TTA) granted the authority to reinstate petitioner, she did not request reinstatement in her claim of appeal. The STC found that "the only reasonable

interpretation of her request for relief is that she was not requesting reinstatement." The STC explained:

> The administrative rules of this Commission have the force and effect of law. *Turner v Grand Blanc Community Schools Board of Education* (13-10). Rule 13 of the Teacher Tenure General Rules, Mich Admin Code, R 38.143, requires that a claim of appeal substantially comply with the form set forth in the rules, including a statement of relief that sets forth clearly and concisely the demands for relief to which the appellant claims entitlement. Teacher Tenure General Rule 25(1)(a), Mich Admin Code, R 38.155(1)(a), provides for the entry of summary disposition when an appellant does not state a claim upon which relief can be granted. Only the pleadings may be considered when a motion for summary disposition is based on Rule 25(1)(a). Mich Admin Code, R 38.155(2).
>
> Rule 13 is similar to Michigan Court Rule (MCR) 2.111(B)(2) (complaint must contain a demand for judgment for the relief the plaintiff seeks). Also similar to a general court rule is Rule 25(1)(a). See MCR 2.116(C)(8) (summary disposition for failure to state a claim on which relief can be granted). In interpreting its administrative rules, this Commission looks to decisions addressing the general court rules. *Berlin v Board of Education of the Oak Park School District* (90-30).

The STC then went on to cite two unpublished decisions from this Court to support its conclusions that petitioner did not state a claim on which relief could be granted because the relief she requested [two years' future salary, letter of recommendation, etc.] was not within the STC's authority to award, and that any claim for reinstatement was waived by the failure to specifically request it. The STC went on to opine:

> When summary disposition is sought based on Rule 25(1)(a), parties are entitled to an opportunity to amend their pleadings unless amendment would not be justified. Mich Admin Code, R 38.155(4). In this case, however, appellant filed no motion to amend her claim of appeal.
>
> For these reasons, we find that the ALJ erred in failing to grant summary disposition to appellee and dismiss the claim of appeal. The ALJ's consideration of the motion for summary disposition was limited to the pleadings that had been filed at that time. Mich Admin Code, R 38.155(2). When the ALJ ruled on the motion, appellant had not requested relief that was within the authority of the ALJ and this Commission to grant. Appellant thus failed to state a proper claim for relief and appellee was entitled to summary disposition in its favor pursuant to Rule 25(1)(a). For this reason, we grant appellee's final exception….
>
> The Teachers' Tenure Act does not require a school district to create a particular position for a tenured teacher. Further, it is well settled that this Commission has no authority to order that a teacher be reinstated to a particular position. *See Scott v Board of Education of Lansing School District* (02-4) (Teachers' Tenure Act does not create a right to any particular work assignment; a

district can assign a tenured teacher to any position for which the teacher is certified); *Biondo v Grosse Pointe Public Schools* (09-23) (Teachers' Tenure Act creates no right to a particular position). See also *Bush, supra* (Commission has no authority to order a teacher's transfer). In addition, the Teachers' Tenure Act expressly provides that, if a tenured teacher is employed other than as a classroom teacher and his or her contract of employment in that other position ends, "[T]he salary in the position to which the teacher is assigned shall be the same as if the teacher had been continuously employed as an active classroom teacher." MCL 38.91(7). Thus, even if appellant's posthearing request could be considered, it is clear that she did not request relief that was within this Commission's authority. (Footnotes omitted).

Following additional proceedings not relevant to our resolution of this appeal, this Court granted petitioner's application for leave to appeal,[1] and this appeal then ensued.

## III. ANALYSIS

"A final decision of the tenure commission must be upheld if it is not contrary to law, is not arbitrary, capricious, or a clear abuse of discretion, and is supported by competent, material, and substantial evidence on the whole record." *Lewis v Bridgman Pub Sch (On Remand)*, 279 Mich App 488, 489; 760 NW2d 242 (2008). "A ruling is arbitrary and capricious when it lacks an adequate determining principle, when it reflects an absence of consideration or adjustment with reference to principles, circumstances, or significance, or when it is freakish or whimsical." *Wescott v Civil Serv Comm*, 298 Mich App 158, 162; 825 NW2d 674 (2012). An agency's legal conclusions are reviewed de novo. See *Ingham Co v Capitol City Lodge No 141 of the Fraternal Order of Police, Labor Program, Inc*, 275 Mich App 133, 141; 739 NW2d 95 (2007).

A. Waiver of Summary Disposition.

On appeal, petitioner argues that respondent waived the issue of not being granted summary disposition because respondent did not raise that argument in their exceptions to the hearing referee's PDO. We note that pursuant to MCL 38.104(5)(m) the STC's review is "limited to consideration of the issues raised in the exceptions based solely on the evidence contained in the record from the hearing." A matter not included in a statement of exceptions "is considered waived and cannot be heard before the tenure commission" or on appeal to this Court. MCL 38.104(5)(*l*).

We cannot find within the record any support for petitioner's argument. The record reveals that respondent "took exception" to the hearing referee's ruling on its motion for summary disposition because the referee "never addressed that [petitioner] did not state a challenge to the termination sought." By so stating, it is evident that respondent raised the issue of summary disposition in its exceptions. MCL 38.104(5)(*l*) and(5)(m). The record further

---

[1] *Scott v Niles Community Sch Bd of Ed*, unpublished order of the Court of Appeals, entered August 21, 2015.

reveals that the STC decided the issue on the record pleadings, MCL 38.104(5)(m); Rule 38.155(2). Lastly on this issue, we hold that the record evidence presented reveals that the STC's ruling on the issue of whether respondent preserved the issue of the referee's decision not to dismiss petitioner's claims was not "arbitrary, capricious, or a clear abuse of discretion," *Lewis*, 279 Mich App at 489. Accordingly, petitioner is not entitled to relief on this issue.

B. Whether Petitioner Expressly Disavowed Reinstatement.

We next turn to respondent's argument that petitioner not only failed to request reinstatement in her prayer for relief, but the first line "expressly disavowed reinstatement as a remedy and admitted such a remedy would not be appropriate." Turning to the language contained within petitioner's prayer for relief we find the following:

> Since it may be difficult if not impossible to return to her former workplace due to the defamatory statements made by [the school district] and its arbitrary and capricious actions in moving for her dismissal, [petitioner] demands that she be given two additional years['] salary, a positive letter of recommendation from [the school district] admitting fault in its investigation, compensation for her attorney's fees, costs, applicable interest, and any other just and proper relief.

We note that Mich Admin Code, R 38.143 requires tenured teachers contesting a controlling board's decision to file a claim of appeal that, in relevant part, "set[s] forth clearly and concisely those demands for relief to which [petitioner] claims entitlement." We cannot glean from petitioner's statement: "Since it may be difficult if not impossible to return to her former workplace due to the defamatory statements made by [the school district] and its arbitrary and capricious actions in moving for her dismissal," that petitioner explicitly disavowed reinstatement. To "explicitly disavow" something is to unambiguously refuse to have anything to do with it.[2] Rather than an attempt to "explicitly disavow" reinstatement, the language cited above is more reasonably construed as an acknowledgement of the possible difficulties of petitioner returning to her workplace. Reading it as an unambiguous refusal for reinstatement involves several levels of supposition, which by definition negates any notion of clarity of purpose. Additionally, the language can also be reasonably construed as petitioner's preference for an alternative solution. Consequently, we cannot find that petitioner explicitly disavowed reinstatement to her former position.

C. Effect of Failure to Specifically Request Reinstatement.

---

[2] "Expressly" means "in an express manner," or "explicitly." *Merriam-Webster's Collegiate Dictionary* (2003), p 442. "Explicitly" is the adverbial form of "explicit," which principally means "fully revealed or expressed without vagueness, implication, or ambiguity." *Id.* at 441. To "disavow" something means to "repudiate" it, i.e., to refuse to have anything to do with it. *Id.* at 355, 1058.

We next turn to the issue of whether the STC committed legal error by entering summary disposition against petitioner on the basis that she waived any claim to reinstatement when she failed to specifically request reinstatement in her claim of appeal.

We begin our analysis of this issue by noting that the Commission is a quasi-judicial creation of the Legislature without equitable jurisdiction, *Bd of Ed of Benton Harbor Area Schs v Wolf*, 139 Mich App 148, 155-156; 361 NW2d 750 (1984), with powers limited to what is needed to carry out and enforce the provisions of the TTA, MCL 38.137. Nevertheless, as stated in their decision *infra*, the Commission noted that, when interpreting its own rules, it looks to decisions addressing analogous court rules. And as petitioner points out, this Court has on more than one occasion suggested or affirmed looking to MCR 2.601(A) to provide relief that a party did not request in its pleadings. See, e.g., *Greater Bible Way Temple of Jackson v City of Jackson*, 268 Mich App 673, 688; 708 NW2d 756 (2005), rev'd on other grounds 478 Mich 373 (2007) (affirming the trial court's exercise of discretion under MCR 2.601(A) to award attorney fees that were authorized but not requested where both parties had briefed the issue and presented oral arguments); *Magee v City of Detroit*, 203 Mich App 228, 231 n 4; 511 NW2d 717 (1994) (citing MCR 2.601A as authority for a trial court's awarding the relief to which a plaintiff is entitled but has failed to request).

In this action, the alternative relief requested came in the form of a catchall: "any other just and proper relief." The question then is whether such a catchall constitutes "alternative" relief or whether "alternative relief" only includes specifically requested relief. "Alternative relief" is defined as "[j]udicial relief that is mutually exclusive with another form of judicial relief." *Black's Law Dictionary* (10th ed), p 1482. While a party can certainly request specific types of alternative relief, e.g., contract damages or specific performance, there is nothing about the concept of alternative relief that demands that the alternatives be specifically identified. Further, we glean nothing in Rule 38.143 which expressly equates "clearly and concisely" with "specific," nor states that failure to demand the specific relief to which one claims entitlement constitutes waiver of that relief. Indeed, a motion under MCR 2.116(C)(8) should be granted only when the claim is " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Johnson*, 491 Mich at 435, quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

We note that in the request for relief in her claim of appeal, petitioner asked for two years' front pay, and a letter of recommendation. It is undisputed that the STC is not authorized to award that kind of relief.[3] However, in her request for relief, petitioner also included the catchall, "and any other just and proper relief." MCR 2.601(A), states:

---

[3] The STC is not authorized to order equitable relief. It can only provide for reinstatement and salary lost. See, *Bd of Ed of Benton Harbor Schools*, 139 Mich App 148, 156; 361 NW2d 750 (1984).

(A) Relief Available. Except as provided in subrule (B),[4] every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings.

On this issue, petitioner relies on this Court's holding in *Arabo v Mich Gaming Control Bd*, 310 Mich App 370; 872 NW2d 223 (2015). Petitioner argues that the STC should have considered MCR 2.601(A) in its application of R 38.143, and deemed her "catchall" prayer for relief a sufficient request for reinstatement. In *Arabo*, this Court concluded that plaintiff's request for " 'all other relief that [the trial] Court deems equitable and just' " was "sufficient to constitute a request, though not explicit, for injunctive or declaratory relief." *Arabo*, 310 Mich App at 395. We find that petitioner's request for "…any other just and proper relief," constituted a legally sufficient request for reinstatement and/or lost salary.

In so ruling, we recognize respondent's argument that there is no analogue to MCR 2.601(A) in the TTA, the STC's administrative rules or the Administrative Procedures Act (APA). However, Rule 38.143 is analogous to MCR 2.111(B)(2). Both rules allow for the demand of relief in the alternative, hence Rule 38.143 and MCR 2.111(B)(2) do not conflict with MCR 2.601(A) to the extent that they acknowledge alternative forms of relief. Review of the two further reveals that neither demands from petitioner that alternative relief be specifically pled. In fact, both are silent as to the form or manner in which alternative relief must be pled. In the absence of specific language relative to the form or substance that need be pled in an alternate prayer for relief in either Rule 38.143 or MCR 2.111(B)(2), we find MCR 2.601(A) controlling on this issue. It is undisputed that the only relief to which petitioner could be entitled is reinstatement and/or lost salary. Respondent argues that petitioner is not saved by MCR 2.601(A) because "[i]n demanding that the Commission consider this rule, Appellant is moving beyond the pleadings, which is not relevant to a motion based solely on the pleadings." Such an argument ignores the very language of MCR 2.601(A), which allows relief: "even if the party has not demanded that relief in his or her pleadings." In addition, petitioner was only asking for relief that was "just and proper," which would clearly include reinstatement. Although the referee did not record his interpretation of the request, there is no other way to interpret the catchall phrase then as a request for the relief that fell within the STC's jurisdiction to reinstate an arbitrarily or capriciously discharged teacher.

As previously noted, the STC has limited authority as to what it may award. Relative to this specific action, the only awards the STC could grant the petitioner were reinstatement and/or lost salary. Pursuant to MCR 2.601(A), the STC was empowered to grant reinstatement and lost salary whether or not they were specifically requested. MCR 2.601(A). Therefore, we find that the failure of the STC to apply MCR 2.116(A) to this case resulted in the erroneous legal conclusion that petitioner had waived her right to reinstatement and/or lost salary. We therefore hold that the STC's legal conclusion that petitioner waived reinstatement was legal error. See, generally, *Capitol City Lodge*, 275 Mich at 141.

---

[4] Subrule B is not applicable to this action.

Even if we were to find that the plain language of our Court rules compel a different result than stated above, alternatively, we find compelling the argument that denying petitioner the right to review her case on the merits is to sacrifice substance to form. We reach this conclusion by noting that in this case neither party argued that petitioner did not set forth a facially valid claim for reinstatement. Thus, the STC's refusal to consider petitioner's prayer for "any other just and proper relief" as a request for reinstatement and/or lost salary seems to sacrifice substance to form, and to therefore undermine one of the main purposes of the TTA, namely, the elimination of arbitrary and capricious dismissals and demotions of tenured teachers by boards of education. MCL 38.101(1); See, *Goodwin v Bd of Ed of Sch Dist of City of Kalamazoo*, 82 Mich App 559, 573; 267 NW2d 142 (1978).

In conclusion, the STC's legal conclusion that petitioner's failure to specifically request reinstatement constituted a waiver of such relief constituted legal error. Further, respondent's claim that petitioner's catchall in her prayer for relief does not save her pleading from summary disposition is unpersuasive. For these reasons, we reverse the order granting respondent summary disposition under Rule 38.155(1)(a), and remand the matter to the STC for further consideration of respondent's exceptions. In light of the disposition of this issue, we find it unnecessary to address petitioner's remaining issues.

Reversed and remanded. We do not retain jurisdiction. No costs are awarded, a public question being involved. MCR 7.219(A); *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Stephen L. Borrello
/s/ Jane E. Markey